■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT SIBBLIES, Appellant.—Judgment, Supreme Court, Bronx County, rendered April 19, 1976, convicting defendant of arson, third degree, and arson, fourth degree, is unanimously reversed, on the law, and the indictment dismissed. On August 13, 1975, at about 5:00 P.M., there was a fire in a building owned by the defendant. From about 1:00 P.M. to 4:50 P.M., defendant and his nephew were observed by six or eight of their neighbors removing personal property from the building. Defendant was seen carrying several paint cans and three one-gallon milk containers with their tops cut off into the building. Approximately 10 minutes after defendant and his nephew left, the neighbors noted that there was a fire in progress in the building. Several fire department engine companies extinguished the blaze and on the second floor found some plastic containers containing what appeared to be a residue of gasoline and having cloth stuffed into their tops. There was a strong gasoline odor on the first floor. In the area where the fire started, the cockloft of the building, there were several plastic containers filled with a liquid. Eight containers were taken to the precinct and vouchered at the police laboratory. Upon analysis they proved negative as to the presence of gasoline. Defendant claims that when he arrived at the house he found the cellar door smashed and a window open. During the course of transferring his belongings from the house he had occasion to talk to several of the neighbors. He returned to his home at about 3:55 P.M. and left at 4:15 P.M. for a camp 90 miles from New York City, to visit his daughter and his estranged wife who was a cook there. Further testimony places him at the camp at about 6:15 P.M. A phone call from a relative advised him of the fire on the following day and he left camp three days later. As to the building itself, the last rent-paying tenant left in June, 1975; the last mortgage payment had been made at the time, and no electric bills had been paid since that time. Defendant did not file an insurance claim and says that he intended to abandon the building. The defendant now attacks the verdict as being based upon circumstantial evidence without the support of any direct evidence. Circumstantial evidence is evidence of a collateral fact, that is, of a fact other than a fact in issue, from which either

alone or with other facts, the fact in issue may be inferred (Richardson, Evidence [10th ed], § 145). When the prosecution relies wholly upon circumstantial evidence to establish guilt, the circumstances must be satisfactorily established and must be of such character as, if true, to exclude to a moral certainty every other hypothesis except that of the accused's guilt. "The conclusion sought must flow naturally from the proven facts and be consistent with them all: the proven facts must exclude to a moral certainty every hypothesis except that of guilt" *(People v Weiss,* 290 NY 160, 163). They are "of no value if consistent with either the hypothesis of innocence or the hypothesis of guilt. It is not enough if the hypothesis of guilt will account for all the facts proven." *(People v Suffern,* 267 NY 115, 127; *People v Weiss, supra.)* Further, the circumstances must not only be consistent with guilt "but they must be inconsistent with his innocence." *(People v Fitzgerald,* 156 NY 253, 258.)* The People argue that presence at the scene, proof of motive, evidence of flight and other conduct indicating consciousness of guilt are factors relevant to the question of guilt (citing *People v Reade,* 13 NY2d 42, 46). It is undisputed that defendant was in and out of the building over a period of several hours during which he engaged in conversation with at least three people. It does not appear that he attempted to avoid conversation or that he skulked or otherwise behaved furtively. His presence then was not that of one who was about to commit a crime and feared identification, but was rather more consistent with his avowed purpose to move books and other items from the abandoned building. As to motive, evidence indicates that the mortgagee settled its claim for $500 *less* than the mortgage balance. The property had been income producing and apparently heavily encumbered. The defendant would have been in better financial condition if he had refurbished and relet the premises. The People further engage in unsupported conjecture regarding the failure to file an insurance claim by arguing that: "This action makes it clear that although Sibblies obviously intended to file such a claim, he apparently revised his intention in light of the suspicion cast upon his role in the origin of the fire." Motive cannot stand upon such slender legs. Defendant's visit to his wife and child outside of New York is no more consistent with guilt than it is consistent with innocence, and in connection with his other preparations, is more consistent with innocence. The People try to explain that, of the many plastic bottles taken away from the house, none was found to contain a flammable liquid, and that the reason for this is because they were not subject to analysis until a month after the fire. To pose this explanation is to invite the inevitable question "Why?" And to ask the question is to answer it. "The facts and circumstances established in this case are not only not consistent with the guilt of the defendant but are consistent with his innocence. They may furnish some grounds of suspicion; they furnish nothing else. As a matter of law there was no evidence to submit to the jury from which it might draw the inference of guilt beyond reasonable doubt." *(People v Lewis,* 275 NY 33, 42.)* The evidence in the case at bar was, therefore, legally insufficient to establish Sibblies' guilt of arson and the indictment must be dismissed. (CPL 470.20, subd 2.) Concur—Kupferman, J. P., Birns, Evans, Fein and Sandler, JJ.