■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES H. HOLLIS, SR., Appellant.—Appeal from a judgment of the County Court of Albany County, rendered November 9, 1978, upon a verdict convicting defendant of the crime of criminal mischief in the second degree. As a result of a fire which occurred at approximately 9:20 P.M. on May 19, 1978 in the Town of Colonie, County of Albany, wherein a trailer, owned by Eazor Express, Inc., and its contents were damaged, defendant was indicted for the crimes of arson in the third degree (Penal Law, § 150.10) and criminal mischief in the second degree (Penal Law, § 145.10). After the close of testimony at the subsequent trial, the court dismissed the arson count, and the jury thereafter convicted defendant on the remaining count of criminal mischief in the second degree. Defendant was then sentenced to an indeterminate term of imprisonment with no minimum and a maximum of four years, and the present appeal ensued. We hold that the judgment of County Court should be affirmed. In so ruling we find without merit defendant's initial contention that the trial court erred when, in its charge to the jury, it refused to charge the higher standard of proof applicable when the prosecution relies wholly on circumstantial evidence to establish guilt (see *People v Sibblies*, 63 AD2d 934). Such a charge was not necessary in this instance because the prosecution's proof, including defendant's admission to the effect that he had "torched Eazor's", was not wholly circumstantial in nature (see Richardson, Evidence [10th ed], ·§ 3). Similarly, defendant is incorrect in his assertion that the guilty verdict must be reversed as being repugnant. Repugnant findings on the question of guilt result when an indictment charges two crimes with identical elements and there is a finding of guilt as to one of the crimes charged, but not the other *(People v Bullis*, 30 AD2d 470). Here, the crimes charged did not have identical

elements, and the arson count was dismissed when the prosecution's proof failed to establish that the damaged property constituted a building while proof that a building was involved was not necessary for the criminal mischief conviction. Defendant's remaining arguments are also without merit. In addition to the above-cited admission by defendant, there was evidence that defendant's car was observed in the immediate vicinity of the fire shortly before its discovery, that defendant smelled of gas shortly thereafter and had previously threatened to get even when his employment with Eazor Express, Inc., was terminated, and most significantly, that the fire was not of accidental origin. Under circumstances such as these, there was surely ample proof to demonstrate that the offense charged had been committed and to justify the ultimate guilty verdict (cf. *People v Guernsey,* 46 AD2d 698). Likewise, the sentence imposed was within the statutory guidelines for the class D felony involved (Penal Law, § 70.00, subd 2, par [d]), and no abuse of the court's discretion in the area of sentencing has been shown (cf. *People v Robinson,* 65 AD2d 896). Judgment affirmed. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.