■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GEORGE ALAN AINSWORTH, Respondent. — Order entered September 6, 1983 in Supreme Court, New York County (Alfred Kleiman, J.), dismissing the first count in indictment number 3516/82, is unanimously reversed, on the law, the first count is reinstated and the matter is remanded for a new trial.

The People appeal from an oral order, made two months after declaration of a mistrial, which granted a defense motion to dismiss the top count in the indictment — murder in the second

degree — but granted the People leave to resubmit to the Grand Jury the lesser charge of manslaughter in the second degree. Finding the evidence of defendant's guilt to be "almost exclusively" circumstantial, the court relied upon *People v Montanez* (41 NY2d 53) to dismiss it, stating: "I cannot say the evidence before me excludes to a moral certainty every other reasonable hypothesis of what took place"

Although we agree that this is the standard applicable where all of the proof against a defendant is but circumstantial (cf. *People v Licitra,* 47 NY2d 554; *People v Kennedy,* 63 AD2d 738, mod 47 NY2d 196; *People v Sibblies,* 63 AD2d 934), in reviewing the record we find that a large measure of the People's case establishing the elements of murder in the second degree consisted of physical evidence and defendant's own admissions. Indeed, defendant admitted shooting the deceased but argued justification as a defense. The looming question of whether defendant possessed the requisite intent, therefore, was properly a determination for the jury. While defendant was the only one present when he shot the deceased, the People may establish the element of intent through the direct physical evidence, such as powder burns and trajectory paths, together with certain inconsistencies in defendant's various versions of what actually took place. In sum, it is ultimately a question of credibility and logic well within a jury's competency to assess. Concur — Murphy, P. J., Sullivan, Ross and Carro, JJ.