■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST REYNOLDS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kooper, J.) rendered May 7, 1981, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant was found guilty of felony murder for causing the death of Brady Joel Drakes while in the course of committing a robbery. On appeal, defendant argues that the People failed to prove, beyond a reasonable doubt, that he had the intent to rob Brady Drakes prior to the time that the fatal stab wounds were inflicted.

Intent is an element which must almost always be inferred from the totality of the circumstances (*People v Barnes,* 50 NY2d 375). If competing inferences may be drawn, the jury's determination, if not unreasonable, will be upheld (*People v Kennedy,* 47 NY2d 196). Numerous factors are present in this case which demonstrate that the inference of intent drawn by the jury in this case was the proper inference, and that the theory proposed by the defense was not a credible one.

Defendant's theory was that Drakes accosted him with a kitchen knife and threatened to sexually molest him. While

Drakes attempted to unbuckle defendant's belt and remove his pants, defendant managed to grab the knife away from Drakes. He then stabbed Drakes once, propped his head up against the wall, and then, as an afterthought, decided to take Drakes' radio to replace one which Drakes had previously taken from him.

We find that the record contains several facts which tend to at least partially discredit this version of events presented by the defense. Among these are the fact that the undisputed medical evidence indicates that Drakes was stabbed eight times, and not once, and, in addition, the theory fails to account for the existence of a second knife, which also was found to have blood stains. Defendant also made several false statements to the police during the investigation of this case. These statements included, among others, that he had not seen Drakes for a week prior to his death; that he had never before seen the stolen radio recovered by the police from a pawn shop; and that after subsequently admitting possession of the radio, that he had purchased it from Drakes the previous June, at a time when Drakes did not own the radio. The jury had adequate reasons for questioning the credibility of defendant's theory, and could properly find, on these facts, that defendant formed the intent to rob Drakes prior to the time that the fatal wounds were inflicted.

Finally, we observe that the court's charge and supplemental charge properly instructed the jury on the law. The jury was informed, twice, that if defendant did not intend to rob Drakes, prior to the time the killing occurred, that defendant could not be convicted of felony murder. There is no reason to believe that the jury did not properly apply the law as given to them by the Trial Judge (see *People v Bornholdt,* 33 NY2d 75; *People v Joyner,* 26 NY2d 106).

We find no merit to defendant's assertion that his sentence as a juvenile offender of seven years to life imprisonment was excessive. Mollen, P. J., Bracken, O'Connor and Niehoff, JJ., concur.