■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN NELSON, Appellant.

Contrary to defendant's contentions, the evidence was legally sufficient to sustain all the charges in the indictment as well as to support the consequent conviction. The record reveals that the defendant and his codefendant purposely entered the subway car where complainant and his friends were seated.

Defendant stared at complainant, made a derogatory remark and when complainant approached them to make inquiry, defendant produced a knife which he thrust into complainant's chest. As the complainant was being dragged away, the codefendant drew a gun and shot him in his arm. That defendant possessed an intent to cause death or serious bodily injury is manifest from his actions as well as the totality of the circumstances (*see, People v Davis,* 18 AD2d 644, *affd* 13 NY2d 1151; *People v McDavis,* 97 AD2d 302). Moreover, a prima facie case was also established with respect to the counts relating to prima facie possession of a weapon, use of a firearm, and assault with a deadly weapon. There was ample evidence of coordinated action as well as a mutual purpose on the part of defendant and his accomplice.

We further find that the trial court did not err in refusing the requested charge concerning circumstantial evidence. Since the prosecution's case was not wholly circumstantial in nature, but rested in large part upon direct evidence, the court's refusal to give the requested charge was not erroneous (*see, People v Ruiz,* 52 NY2d 929; *People v Gerard,* 50 NY2d 392; *People v Hollis,* 73 AD2d 994).

Nor do we find persuasive defendant's claim that he was deprived of a fair trial. The acrimony and disruptions which occurred during trial were precipitated by the defendant's counsel and therefore defendant may not be heard to complain that he was prejudiced by the atmosphere in the courtroom (*see, People v Gonzalez,* 38 NY2d 208, 210-211; *People v Schneider,* 100 AD2d 733).

We have reviewed defendant's other contentions and find them to be without merit. Mangano, J. P., Gibbons, Niehoff, and Lawrence, JJ., concur.