THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL DAVIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Dubin, J.), rendered November 13, 1980, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to two concurrent terms of imprisonment of 5 to 15 years.

Judgment affirmed.

Our review of the evidence adduced at trial demonstrates that any rational trier of fact could have found beyond a reasonable doubt that defendant's attack upon the complainant was not justified. The People's evidence established that defendant was the initial aggressor, that the complainant was not armed, and that defendant shot the complainant twice, once in the back. The jury chose to believe the People's witnesses and, in the absence of any indication that their testimony was incredible as a matter of law, this court will not supplant the jury's judgment (*see, Jackson v Virginia,* 443 US 307, *reh denied* 444 US 890; *People v Regina,* 19 NY2d 65).

Additionally, the certified hospital records of complainant's treatment after the incident were properly admitted into evidence and are competent proof of the wounds received by him (*see,* CPL 60.10; CPLR 4518 [a], [c]). The courts have consistently recognized that such records are admissible in a criminal trial notwithstanding the lack of an opportunity to confront and cross-examine the declarant (*see, People v Sanders,* 56 NY2d 51, 63; *People v Nisonoff,* 293 NY 597, 601-603; *People v Klein,* 105 AD2d 805). Defendant's counsel was free to attempt to controvert the medical evidence, which he chose not to do.

Defense counsel's failure to object to the prosecutor's improper inquiry regarding defendant's pretrial silence does not rise to the level necessary to sustain a finding of ineffective assistance of counsel (*Strickland v Washington,* 466 US 668, 104 S Ct 2052; *People v Karamanites,* 104 AD2d 899). Defendant's other claims of deficient performance by his counsel are without merit.

Finally, we find that the court did not abuse its discretion by sentencing defendant to concurrent indeterminate terms of imprisonment of 5 to 15 years in light of defendant's violent, unprovoked conduct (*see, People v Suitte,* 90 AD2d 80). Mangano, J. P., Gibbons, Niehoff and Lawrence, JJ., concur.