■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON THOMAS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered September 12, 1983, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to concurrent terms of imprisonment of 5 to 15 years and 3 to 9 years, respectively.

Judgment affirmed.

The court's determination that the police did not intentionally deprive defendant of access to his family in an effort to deny him his right to counsel is supported by the evidence *(see, People v Fuschino,* 59 NY2d 91).

After viewing the record in the light most favorable to the prosecution, as we must do *(see, People v Contes,* 60 NY2d 620; *Jackson v Virginia,* 443 US 307, *reh denied* 444 US 890), we conclude that any rational trier of fact could have rejected defendant's justification defense beyond a reasonable doubt *(see, People v Davis,* 111 AD2d 252). The prosecution's witnesses established that after a fight was broken up among defendant, the victim and the victim's friend, defendant went to his home at 329A Crown Street and obtained a gun, stating that he would "kill them". He went down the street, and found the victim standing on the stoop of 299 Crown Street ringing the doorbell. As the victim tried to gain entrance to the house, defendant shot him twice, once in the back. The prosecutor presented other evidence corroborating the testimony given by an eyewitness. The jury chose to believe the prosecution's witnesses, and, in the absence of any indication that the witnesses' testimony was incredible as a matter of

law, the verdict was proper *(see, Jackson v Virginia, supra; People v Davis, supra)*. Lazer, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.