**68** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE WATERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dubin, J.), rendered December 6, 1982, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to prove his guilt beyond a reasonable doubt is without merit. The eyewitness and medical testimony adduced at trial clearly established the defendant's culpability in the death of the victim. Moreover, the jury was aware of the contradictory versions of the shooting testified to by the defendant and the People's witnesses and decided the credibility issue in favor of the People. The jury's conclusion that the justification defense was disproven beyond a reasonable doubt was proper *(see, People v Thomas,* 115 AD2d 674). Thus, the jury's verdict should not now be disturbed *(see, People v Kennedy,* 47 NY2d 196; *People v Reynolds,* 107 AD2d 724).

As no objection was advanced at trial to the alleged impropriety of the trial court's instructions to the jury concerning the justification defense, this issue has not been preserved for appellate review as a matter of law *(see, People v Charleston,* 56 NY2d 886; *People v Gonzalez,* 80 AD2d 543). In any event, despite the defendant's claim to the contrary, it is proper to include an objective element in a justification charge *(see, People v Goetz,* 68 NY2d 96).

Likewise, the defendant's contention that he was denied the effective assistance of appellate counsel is meritless. "Reasonable professional judgments by appellate attorneys as to what are the most promising issues on appeal should not be second-guessed" *(People v Ramos,* 108 AD2d 209, 213).

Finally, the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, J. P., Brown, Rubin and Spatt, JJ., concur.