■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE STEEL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered May 17, 1983, convicting him of attempted murder in the second degree, criminal use of a firearm in the first degree, assault in the first degree (two counts), criminal use of a firearm in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and his codefendant Kevin Nelson were among a group of young men who became involved in a verbal altercation with a group of three other youths while waiting

on the platform of the Broad Channel subway station in Queens. Once on board the train, the codefendant and the defendant, who was later identified both on the scene and in court, assaulted one of the three youths, inflicting knife and gunshot wounds *(see, People v Nelson,* 110 AD2d 858). The defendant and his codefendant were- apprehended by the police before they could leave the train, and the two were convicted after trial of all charges against them. On appeal, the defendant raises several contentions, none of which warrant reversal.

First, the evidence was legally sufficient to sustain the conviction of the defendant, the alleged shooter, as an accomplice to the knife assault committed by his codefendant. As we stated in affirming the codefendant's conviction, "[t]here was ample evidence of coordinated action as well as mutual purpose on the part of defendant and his accomplice" *(People v Nelson, supra,* at 859).

Next, we find no reversible error in the challenged evidentiary rulings made by the court. The statement made by the defendant at the time of his arrest was, as to him, nothing more than a self-serving hearsay statement. Further, the statement cannot be considered part of the res gestae since it was made at a time when the defendant had an adequate opportunity to reflect upon his situation *(see, People v Sostre,* 51 NY2d 958, 959).

Nor was reversible error committed by the court in redacting the portion of the codefendant's statement in which the codefendant claimed that the defendant had not been the shooter. By itself, the redacted portion of the codefendant's statement was hearsay as to the defendant, and was not properly admissible as a statement against penal interest *(see, People v Maerling,* 46 NY2d 289, 298). Further, because the part of that statement which implicated the codefendant and thus was a declaration against penal interest did not bear upon the defendant's guilt in any manner, the defendant cannot claim that it was error not to admit the full statement in evidence *(see,* Richardson, Evidence §§ 227, 552, at 202-203, 556 [Prince 10th ed]). In any event, the entire statement was elicited prior to the court's redaction, the jury was never instructed to disregard it, and the defendant's attorney even referred to the redacted portion of the statement in his summation; thus, the defendant cannot claim to have been prejudiced by the court's ruling.

The defendant also raises a number of contentions concern-

ing the court's instructions to the jury, but only two of these claims warrant any discussion. First, we find the court's identification charge to have been adequate in relation to the identification issue presented in this case *(see, People v Whalen,* 59 NY2d 273, 279). Second, the issue of whether a circumstantial evidence charge should have been given, which was also raised as part of the codefendant's appeal *(see, People v Nelson, supra),* warrants no different determination here, as there was direct as well as circumstantial evidence with respect to all of the charges against the defendant *(see, People v Barnes,* 50 NY2d 375, 379-380).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Niehoff, Weinstein and Kunzeman, JJ., concur.