■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR CLAYTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered February 19, 1987, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Thompson, J. P., Bracken, Brown, Weinstein and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, CHARLES FOWLKS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered May 11, 1987, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the failure to pay the money at issue is properly a civil debt and that the evidence was legally insufficient to establish that he intended to deprive the complainant, his employer, of the money he had in his possession or to appropriate it from her. We find that from the evidence adduced at trial the jury could reasonably have found that the defendant had the requisite intent to deprive the complainant of the sum of $545 or to appropriate that sum of money (see, People v Reynolds, 107 AD2d 724). Accordingly, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of grand larceny in the third degree. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Finally, the defendant's claim that the sentence was excessive is without merit (see, People v Suitte, 90 AD2d 80). Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.