■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v EDUARDO MARTINEZ, Appellant-Respondent.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered March 20, 1986, convicting him of manslaughter in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and upon an order of the same court, dated February 27, 1986, reducing the defendant's conviction of murder in the second degree to manslaughter in the first degree and imposing sentence, and the cross appeal by the People from the order of the same court, dated February 27, 1986, which reduced the defendant's conviction of murder in the second degree to manslaughter in the first degree.

Ordered that the order is reversed, and on the law, the jury verdict is reinstated; and it is further,

Ordered that the judgment is modified, by vacating the defendant's conviction of manslaughter in the first degree and the sentence imposed thereon, and as so modified, the judgment is affirmed; and it is further,

Ordered that the matter is remitted to the Supreme Court, Queens County, for the imposition of sentence with respect to the defendant's conviction of murder in the second degree.

During the early morning hours of New Year's Day 1985 the body of Rogelio Segura was found in an alleyway next to a house located at 87-36 162nd Street in Queens. He had been stabbed 5 times in the head and 3 times in the back. Pursuant to a general investigation into Segura's death, the police asked the defendant and the codefendant Hilt if they had any pertinent information. In oral and videotaped statements made to the police and District Attorney's office, the defendant conceded that he was a pimp and that the codefendant was his prostitute and that they had been working the 162nd

Street area on New Year's Eve into the early morning hours of New Year's Day. Because business was slow, the defendant and his codefendant decided to go home early. Before leaving the area, the codefendant went into the alleyway next to the house at 87-36 162nd Street to urinate. She stated that when she pulled down her pants, the decedent rushed into the alleyway, put his hand in his jacket as if he had a gun and told her that he was going to rape her. She then called to the defendant who ran into the alley and stabbed the decedent in the face and head. The codefendant told the police and Assistant District Attorney that she then grabbed the knife and stabbed the decedent 2 or 3 more times in the back. At the trial, however, the codefendant stated that she never stabbed Segura. The defendants then fled to the apartment they shared. The codefendant took the knife, placed it in a black leather case and buried it in a backyard located at 145th Street and Jamaica Avenue.

Although the jury was provided with a justification charge as it related to the defendant's claim that he acted in defense of the codefendant, the jury rejected the justification defense and convicted the defendant of murder in the second degree and criminal possession of a weapon in the third degree. The codefendant was acquitted of all charges. After the verdict was rendered, the trial court granted the defendant's motion insofar as it was to set aside the conviction of murder in the second degree on the ground that the People failed to prove that the defendant intended to cause the death of Segura beyond a reasonable doubt.

Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). The defense of justification was disproven beyond a reasonable doubt *(People v Reed,* 40 NY2d 204; *People v Reyes,* 116 AD2d 602, *lv denied* 67 NY2d 949; *People v Davis,* 111 AD2d 252). The jury was presented with conflicting versions of how and why the decedent was killed. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86).

We further find that the trial court's denial of the defendant's motion to introduce evidence of the victim's criminal conviction of sexual abuse in the first degree was proper *(see, People v Miller,* 39 NY2d 543; *see also, Matter of Robert S.,* 52 NY2d 1046).* Those statements of the prosecutrix in her summation which were objected to fall within the proper bounds of rhetorical comment permissible in closing argument *(see, People v Galloway,* 54 NY2d 396; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). Since the defense counsel neither objected to the justification charge provided nor sought additional instructions, the defendant's contention regarding that portion of the charge has not been preserved for our review (CPL 470.05 [2]; *People v Holzer,* 52 NY2d 947).

We agree with the People that after considering the facts proven and the inferences that could reasonably be drawn therefrom, the jury's conclusion that there was no reasonable doubt that the defendant intended to cause the death of Segura was justified *(see, People v Barnes,* 50 NY2d 375; *People v Castillo,* 47 NY2d 270). "Repeated shots, blows or acts of violence point toward deliberate action" *(People v Sanducci,* 195 NY 361, 367-368; *People v Milea,* 112 AD2d 1011, *lv denied* 66 NY2d 921; *People v McDavis,* 97 AD2d 302). The record in the instant case reveals that the decedent had been stabbed eight times. Moreover, although evidence of flight is of limited probative value, the defendant's flight and acquiescence in the codefendant's hiding of the knife, coupled with the number of blows inflicted on the deceased, was sufficient to sustain the jury verdict. Viewing the evidence adduced at the trial in the light most favorable to the People, it was improper for the trial court to have concluded that the conviction of murder in the second degree was based on insufficient evidence or evidence which as a matter of law was inadequate to prove guilt beyond a reasonable doubt *(see, People v Ventura,* 66 NY2d 693; *People v Goodfriend,* 64 NY2d 695; *People v Carter,* 63 NY2d 530). Therefore, the order setting aside the verdict pursuant to CPL 330.30 (1) is reversed and the jury verdict reinstated.

Since the matter must be remitted to the Supreme Court, Queens County, for the imposition of sentence, we do not reach the defendant's contention that the sentence imposed for manslaughter in the first degree was excessive. Kunzeman, J. P., Weinstein, Rubin and Kooper, JJ., concur.