■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RHONDA WILLIAMS, Also Known as VICTORIA TRIBBLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lerner, J.), rendered September 3, 1987, convicting her of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Contrary to the defendant's contention, the record demonstrates that the People disproved the defense of justification beyond a reasonable doubt *(see, People v Reed,* 40 NY2d 204; *People v Martinez,* 144 AD2d 699, 700). In oral and videotaped statements made at the police precinct, the defendant, a prostitute, stated she entered the decedent's car in response to his solicitation. She admitted stabbing the decedent but claimed she had done so only after the decedent became "crazy" from

smoking five vials of crack cocaine, grabbed her by the neck, and threatened her with a knife, which he pulled from underneath the seat in the vehicle. The defendant told the police that in the course of a struggle she managed to wrest the knife away from the decedent and stab him. As she fled from the scene, the defendant threw the knife behind a storefront grate. Her boyfriend later retrieved the knife and hid it under a sewer grate.

At the trial, the People presented the testimony of a toxicological expert who found no evidence of alcohol or narcotics in the decedent's blood or urine, and concluded that the test results were inconsistent with the decedent having smoked five vials of crack cocaine prior to his death. The People also presented testimony that the defendant, when interviewed by the police, exhibited no sign of injury. The jury apparently rejected the defendant's version of the events and chose to believe the People's witnesses. Absent a lack of support in the record, the jury's determination which resolved the credibility questions against the defendant should not be disturbed on appeal (see, People v Garafolo, 44 AD2d 86). In addition, the evidence of the defendant's flight and her acquiescence to her boyfriend's hiding the knife, while of limited probative value, constituted circumstantial evidence of her consciousness of guilt (see, People v Martinez, supra, at 701).

The defendant alternatively contends that her conviction of murder in the second degree should be reduced to manslaughter in the first degree because the evidence was insufficient to prove beyond a reasonable doubt that she intended to cause the victim's death. An inference that the defendant intended to cause death may be drawn from her action in plunging the knife into the decedent's chest at close range near his heart, as well as the totality of circumstances (see, People v Horton, 18 NY2d 355, 359; People v Martinez, supra; People v Nelson, 110 AD2d 858). Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.