■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE DIXON, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered May 24, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his conviction of murder in the second degree cannot stand because the evidence adduced at trial was insufficient to prove beyond a reasonable doubt that he intended to cause the victim's death. At trial, three of the People's witnesses testified that they observed the defendant and the victim standing near each other arguing. They then saw the defendant swing his hand toward the victim and the victim fall to the ground with blood spilling from his chest. One of the People's witnesses observed a butcher's knife in the defendant's hand just before the victim fell to the ground, while another prosecution witness claimed to have seen the defendant displaying a knife in close temporal proximity to the events at issue. The defendant's intent to cause death is manifest from the totality of the circumstances and from his stabbing the victim at close range, near the heart *(see, People v Horton,* 18 NY2d 355, *cert denied* 387 US 934; *People v Jackson,* 18 NY2d 516; *People v Williams,* 160 AD2d 753; *People v Nelson,* 110 AD2d 858). Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt.

To the extent that the defendant challenges the credibility of certain of the prosecution's witnesses because of their criminal histories and involvement with illegal drugs, we note the well settled principle that resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY2d 84, 91). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). The jury's determination to credit the testimony of the People's witnesses finds support in the record and we decline to disturb it. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions, including those raised by his supplemental pro se brief, are either unpreserved for appellate review or without merit. Thompson, J. P., Bracken, Eiber and Rosenblatt, JJ., concur.