■ In the Matter of CHRISTOPHER P., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Nassau County (Mosca, J.), entered April 25, 1990, which, upon a fact-finding order of the same court, dated December 30, 1988, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree, adjudged him to be a juvenile delinquent, and placed him on probation for a period of two years.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, we find that the Nassau County Attorney's office, acting as the presentment agency, proved that he had committed an act which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree (see, Penal Law § 145.00 [1]). At the fact-finding hearing the appellant's mother, who was the sole witness, testified that on December 26, 1988, the appellant lived with her in a private home she owned with her former husband in Baldwin. At about 5:30 P.M., the appellant became agitated and verbally abusive when she refused to end her telephone conversation so that he could use the telephone. After she suggested he use a pay phone near the house, he left and she locked the front door after him. He returned approximately two minutes later and began kicking the door and shouting to be let in. A lower-door panel split under the force of the repeated blows. After the door had been damaged the appellant went to the back of the house and entered through a rear door.

Viewing the evidence in the light most favorable to the presentment agency (see, People v Bracey, 41 NY2d 296, 302), we find that the Family Court, as the finder of fact, could reasonably have drawn the inference that the appellant acted intentionally, rather than recklessly or thoughtlessly, in damaging the door. Consequently, we find no reason to disturb the Family Court's determination (see, People v Fowlks, 139 AD2d 590; People v Martinez, 123 AD2d 361; People v Reynolds, 107 AD2d 724).

We have examined the appellant's remaining contentions and find them to be without merit. Mangano, P. J., Rosenblatt, Ritter and Copertino, JJ., concur.