■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER MORGAN, Appellant. [595 NYS2d 237] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Harbater, J.), rendered March 11, 1991, convicting him of attempted murder in the second degree, burglary in the first degree (three counts), robbery in the second degree, assault in the second degree (seven counts), grand larceny in the fourth degree (three counts), reckless endangerment in the second degree, assault in the third degree (three counts), resisting arrest (two counts), criminal possession of a weapon in the fourth degree (three counts), and criminal possession of stolen property in the fifth degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Berkowitz, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the arguments of the defendant, we find that the suppression court properly refused to suppress evidence of a complainant's identification of him as the perpetrator of a burglary shortly after the crime occurred, and of her later in-court identification testimony. The police officers, who did not know the extent or seriousness of the complainant's injuries, were justified in conducting a showup at her house about 40 minutes after the crime occurred in the interest of obtaining a prompt and reliable identification *(see, People v Whitney,* 158 AD2d 734; *People v Moore,* 156 AD2d 394; *People v Lewis,* 123 AD2d 716, 719). Moreover, although the defendant was in the company of police officers in uniform and in plainclothes, the showup was not unnecessarily suggestive under the circumstances *(see, People v Whitney, supra; People v Lewis, supra).*

Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of seven counts of assault in the second degree, one count of assault in the third degree, and attempted murder in the second degree arising out of his altercation with three police officers. The record clearly shows that the police officers whom the defendant attacked suffered physical injuries within the meaning of the statute; *i.e.,* impairment of physical condition or substantial pain (Penal Law § 10.00 [9]; § 120.05 [2], [3], [6]; § 120.00 [1]). Each of the officers missed several days of work as a result of the injuries inflicted by the defendant during the struggle with them, each received medical treatment, and each suffered pain *(see, People v Crews,* 159 AD2d 630; *People v Lundquist,* 151 AD2d 505; *People v Talibon,* 138 AD2d 426). Moreover, it could be readily inferred that the defendant intended to cause the death of Officer Mango from his action of thrusting a knife toward the officer's midsection as well as from the totality of the circumstances *(see, People v Williams,* 160 AD2d 753; *People v Nelson,* 110 AD2d 858). We also find that the evidence was legally sufficient to establish the defendant's guilt on the remaining counts beyond a reasonable doubt.

We further find that the sentence imposed was not excessive.

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.