■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO MARTINEZ, Appellant. [600 NYS2d 250] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered February 14, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant originally appealed from a judgment of the Supreme Court, Queens County, rendered March 20, 1986, convicting him of manslaughter in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and upon an order of the same court, dated February 27, 1986, reducing his conviction of murder in the second degree to manslaughter in the first degree. The People separately appealed from the order dated February 27, 1986. By decision and order of this Court dated November 28, 1988, the order was reversed, the jury verdict was reinstated, and the judgment was modified by vacating the conviction of manslaughter in the first degree and the sentence imposed thereon. As so modified, the judgment was affirmed, and the matter was remitted to the Supreme Court, Queens County, for the imposition of sentence with respect to the conviction of murder in the second degree *(see, People v Martinez,* 144 AD2d 699).

As he did on the prior appeal to this Court, arising from the same trial, the defendant again challenges the trial court's evidentiary ruling barring the admission of evidence of the deceased's prior conviction for sexual assault, arguing that this evidence was crucial to his defense of justification. However, this Court's rejection of the defendant's claim on the first appeal constitutes the law of the case, and, absent a showing of "manifest error" in the prior decision or that "exceptional circumstances exist warranting departure from

the law of the case doctrine", the defendant is precluded from having this issue reconsidered *(People v Barnes,* 155 AD2d 468, 469, quoting from *People v Taylor,* 87 AD2d 771, 772, *affd* 57 NY2d 729).

To the extent that the defendant purports to raise a new claim regarding the constitutionality of the New York evidentiary rule upon which the trial court's decision was based, we note that the defendant had the opportunity to present this claim upon his initial appeal. The defendant's failure to raise the claim in the course of his initial direct appeal forecloses any consideration of it now *(see, People v Skinner,* 154 AD2d 216). For the same reason, the defendant's challenge to another of the trial court's rulings, as well as his challenge to the content of the verdict sheet, are similarly barred from consideration now.

The only issue which may be considered on this appeal is the defendant's claim that the sentence imposed was excessive, a claim which we did not reach in our prior decision and order *(see, People v Martinez, supra,* at 701). Under the facts and circumstances of this case, we find that the sentence was not excessive *(see, People v Suitte,* 90 AD2d 80, 86). Sullivan, J. P., Balletta, O'Brien and Santucci, JJ., concur.