■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO RODRIGUEZ, Appellant. [648 NYS2d 983] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered December 22, 1994, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO RUSSO, Appellant. [648 NYS2d 954] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered March 6, 1995, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove that he intended to kill his wife when he stabbed her multiple times in the chest, abdomen, and back. Viewing the evidence adduced at the trial in a light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish his guilt beyond a reasonable doubt. The jury could reasonably infer that the defendant intended to cause the death of his wife based on the totality of the evidence including the defendant's actions in repeatedly stabbing her with a knife in the chest area at close range to her heart (*see, People v Morgan,* 191 AD2d 649, 650; *People v Dixon,* 174 AD2d 689; *People v Williams,* 160 AD2d 753, 754).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80, 83). O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.