■ In the Matter of EBONY H., a Person Alleged to be a Juvenile Delinquent, Appellant. [651 NYS2d 898] —In a juvenile de-

linquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Freeman, J.), dated March 21, 1995, which, upon a fact-finding order of the same court, dated December 5, 1994, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree and obstructing governmental administration, adjudged her to be a juvenile delinquent and placed her on probation for 12 months. The appeal brings up for review the fact-finding order dated December 5, 1994.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the appellant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the finding of guilt is not against the weight of the evidence (see, Matter of Elliot K., 206 AD2d 533; CPL 470.15 [5]; People v Morgan, 191 AD2d 649).

The Family Court did not improvidently exercise its discretion in denying the appellant's request for a continuance (see, People v Foy, 32 NY2d 473; People v Nunez, 199 AD2d 285; People v Rodriguez, 188 AD2d 494). Bracken, J. P., Copertino, Joy and Altman, JJ., concur.