■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY SMITH, Appellant. [829 NYS2d 120]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered December 22, 2004, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant intended to kill the victim (*see People v Contes*, 60 NY2d 620, 621 [1983]). A jury can infer a defendant's intent to cause death from the defendant's conduct as well as the surrounding circumstances (*see People v Angarita*, 247 AD2d 397 [1998]; *People v Dixon*, 174 AD2d 689 [1991]; *People v Williams*, 160 AD2d 753, 754 [1990]).

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

Contrary to the defendant's argument, his remaining contention that the trial court failed to specifically admonish the jury not to discuss the case prior to two recesses was subject to the preservation requirement (*see People v Agramonte*, 87 NY2d 765, 770-771 [1996]; *People v Taylor*, 29 AD3d 713). He failed to preserve that contention for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction. Miller, J.P., Ritter, Santucci and Lunn, JJ., concur.