■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN FERNANDO TINEO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered October 15, 1985, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Leahy, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the confession which he gave to an officer at the scene of the shooting. The defendant argues that his confession should have been suppressed because he was not able to understand English and therefore could not have effectively waived his *Miranda* rights. We reject this contention. The People met their burden of establishing that the defendant had knowingly and intelligently waived his *Miranda* rights through, *inter alia,* the testimony of the detective who recorded the defendant's confession. The detective testified that he had conversed with the defendant in English at the scene of the shooting for some 15 minutes prior to administering *Miranda* rights and that after the warnings had been given, the defendant indicated that he had understood them. In light of the foregoing, the burden of persuasion shifted to the defendant *(see, People v Love,* 85 AD2d 799, *affd* 57 NY2d 998), who failed to adduce evidence supporting his contention that he did not comprehend his rights.

Furthermore, we find that the People disproved the defendant's justification defense beyond a reasonable doubt (see, People v DeCampoamor, 140 AD2d 537). There was evidence establishing that the decedent was unarmed and that the defendant shot him six times at close range, five of the shots being fired while the victim was lying on the floor.

The defendant's remaining contentions are either without merit, or any errors of law with respect thereto are not preserved for our review and we decline to review them in the exercise of our interest of justice jurisdiction. Kunzeman, J. P., Weinstein, Kooper and Balletta, JJ., concur.