■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SANCHEZ, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Kreindler, J.), rendered October 5, 1987, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The shooting took place on the premises of a school where the decedent was a maintenance man. The defendant asserted in his Grand Jury testimony that he was attacked by the decedent after he told the decedent that he would have to report his lost books to the director of his school. He claimed that he was therefore forced to shoot the decedent with the revolver that he carried on his person in admitted violation of his permit for the weapon. However, three witnesses for the prosecution testified that the defendant was acting in a belligerent and aggressive manner immediately before he shot the decedent. Additionally, it was uncontroverted that during the encounter, the defendant "emptied" his revolver, firing 6 rounds, 3 of which struck the decedent. Moreover, the eyewitnesses testified that, contrary to the defendant's contentions, the knife that was found several feet from the body of the decedent was not in the decedent's possession at the time of the encounter.

We find that the evidence, when viewed in a light most favorable to the People, was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Contes, 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). In this regard, we observe that "[g]reat deference is accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor." (People v Bleakley, 69 NY2d 490, 495.) Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88).

No objections were made at trial with respect to the claims of error raised by the defendant on appeal and accordingly they are not preserved for appellate review (CPL 470.05 [2]; People v Contes, 60 NY2d 620, 621, supra; People v Nuccie, 57 NY2d 818; People v Battles, 141 AD2d 748). In any event, we conclude that the defendant was not prejudiced by any statement made by the prosecutor during his summation (People v Lopez, 104 AD2d 904). In addition, we conclude that the court's charge as a whole conveyed to the jury the correct rule with respect to the defense of justification, and that none of

the alleged imperfections was such as to warrant reversal *(see, People v Canty,* 60 NY2d 830; *People v Goetz,* 68 NY2d 96). The defendant's challenge to the failure to include on the verdict sheet a reference to the defense of justification is without merit *(People v Fields,* 134 AD2d 365).

Finally, we decline to exercise our interest of justice jurisdiction to reach the defendant's claim of error regarding submission of the verdict sheet to the jury. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.