■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED SCOTT, Appellant.—Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered September 11, 1987, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39), and sentencing him as a predicate felony offender to an indeterminate term of imprisonment of from 7½ to 15 years, unanimously affirmed.

On appeal, defendant claims that the court violated express statutory requirements by allowing testimony to be read back to the jury in his absence. A criminal defendant had the right to be present at all material stages of trial, including the court's response to a request for a readback *(People v Mehmedi,* 69 NY2d 759, 760). However, this right may be waived *(People v Epps,* 37 NY2d 343, 349-350, *cert denied* 243

US 999), provided such waiver meets the constitutional standards that it is knowingly, intelligently and voluntarily made, and, provided the defendant is informed of his right to be present and the consequences of his failure to appear *(People v Parker,* 57 NY2d 136, 139-141). Such requirements were met herein.

Defendant also contends that the prosecutor's questions on cross-examination and comments on summation were improper. However, either defense counsel failed to object and thus failed to preserve this claim for appellate review (CPL 470.05 [2]) or the court ordered the prosecutor to rephrase the question. No objections were raised with respect to the summation and thus any argument was not preserved as a matter of law and we therefore decline to review it. Were we to consider it, in the interest of justice, we would nonetheless affirm, finding it to be without merit. The prosecutor's remarks, when reviewed in context, were proper comment on the evidence and a fair response to the closing argument of the defense *(People v Colon,* 122 AD2d 151, *lv denied* 68 NY2d 810).

Finally, the court did not allow the prosecutor to improperly exceed the scope of its *Sandoval* ruling. Concur—Murphy, P. J., Ross, Milonas, Kassal and Rubin, JJ.