■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDA WHITE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered July 26, 1990, convicting her of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to disprove her justification defense beyond a reasonable doubt. This issue is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), the record establishes that the defense of justification was disproved beyond a reasonable doubt *(see, People v Martinez,* 149 AD2d 438; *People v Tineo,* 144 AD2d 507, 508). The defendant shot the decedent four times at close range as he was sitting on a bed smoking a cigarette. At the time that the defendant shot him, the dece-

dent was unarmed and posed no threat to her safety *(see, People v Martinez, supra; People v Tineo, supra)*. Moreover, the autopsy revealed that, contrary to the defendant's testimony, the decedent had only small amounts of opiates and cocaine in his system prior to his death and no alcohol. The People also presented testimony at trial that the defendant, when interviewed by the police, exhibited no sign of injury. Thus, the jury apparently rejected the defendant's version of events and chose to believe the People's witnesses *(see, People v Williams,* 160 AD2d 753, 754). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed when, as here, it is supported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Evidence of the defendant's disposition of the murder weapon (she threw it out of a window), while of limited probative value, constituted circumstantial evidence of her consciousness of guilt *(see, People v Williams, supra; People v Martinez,* 144 AD2d 699, 701).

The defendant's sentence was proper *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find that they do not warrant reversal. Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.