■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL M. TORRES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered February 26, 1990, convicting him of manslaughter

in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to disprove his justification defense beyond a reasonable doubt. This issue is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence adduced at trial in a light most favorable to the People *(People v Contes,* 60 NY2d 620), the record establishes that the jury could have reasonably concluded that the defense of justification was disproved beyond a reasonable doubt *(see, People v White,* 178 AD2d 672; *People v Martinez,* 149 AD2d 438; *People v Tineo,* 144 AD2d 507, 508). After the decedent initiated a confrontation by pulling a gun on the defendant, the defendant shot the decedent in the foot. The decedent then threw down his gun and started to run away from the defendant. The decedent was thereupon shot from the rear by the defendant, which shooting from the rear was corroborated by medical evidence *(see, People v Mack,* 178 AD2d 661). At the time the defendant shot him, the decedent was unarmed and posed no threat to the defendant's safety *(see, People v White, supra).*

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contention regarding his conviction for criminal possession of a weapon in the second degree and find it to be without merit *(see, People v Coluccio,* 170 AD2d 523). Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.