■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS VALENTIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered June 11, 1990, convicting him of attempted murder in the second degree and assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial established that the defendant struck the unarmed complainant's arms and legs at least eight times with a metal baseball bat, causing permanent injury. On appeal, the defendant contends that the Supreme Court erred by failing to charge assault in the second degree based on reckless conduct (see, Penal Law § 120.05 [4]) as a lesser-included offense of assault in the first degree (see, People v Glover, 57 NY2d 61, 63). However, the defendant's failure to specifically request this charge in the trial court renders the issue unpreserved for appellate review (see, CPL 470.05 [2];

*People v Bynum,* 70 NY2d 858). In any event, there was no reasonable view of the evidence which would have supported a finding that the defendant recklessly caused serious physical injury to the victim rather than intentionally caused serious physical injury to him, that would have supported a request to charge assault in the second degree *(see, People v Battle,* 22 NY2d 323).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Miller, Pizzuto and Santucci, JJ., concur.