■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL BARNETT, Appellant. [604 NYS2d 777] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered June 19, 1991, convicting him of manslaughter in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has failed to preserve for appellate review the issue of whether the People disproved his justification defense beyond a reasonable doubt *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Lemaire,* 187 AD2d 532; *People v Udzinski,* 146 AD2d 245, 248-252). In any event, the evidence adduced at trial amply supported a finding that the defendant was the initial aggressor in the incident, thus negating his justification defense *(see,* Penal Law § 35.15; *People v Gopaul,* 171 AD2d 754).

Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Mangano, P. J., Balletta, Rosenblatt and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN BROWN, Appellant. [604 NYS2d 777] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered May 27, 1992, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.