■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL SPRUILL, Appellant. [622 NYS2d 264] —Judgment, Supreme Court, Bronx County (William H. Wallace, III, J.), rendered January 19, 1993, convicting defendant, after a jury trial, of attempted murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 5 to 15 years and 4 to 12 years, respectively, unanimously affirmed.

Viewing the evidence in the light most favorable to the prosecution, the jury could have found the essential elements

of the crimes beyond a reasonable doubt *(People v Contes,* 60 NY2d 620). Any inconsistencies in the witnesses' testimony were minor and we decline to disturb the jury's resolution of issues of credibility *(People v Corporan,* 169 AD2d 643, *lv denied* 77 NY2d 959).

The defendant's waiver of his right to be present during sidebar questioning of prospective jurors was knowingly, intelligently and voluntarily made since he was informed of his right to be present and of the consequences of its waiver *(People v Scott,* 156 AD2d 160, 160-161, *lv denied* 75 NY2d 817). Moreover, since both he and counsel remained silent after the waiver was accepted by the court, the waiver was effective *(see, People v Curry,* 209 AD2d 357, 358, citing *People v Perez,* 196 AD2d 781, 784, *lv denied* 82 NY2d 900). In any event, the defendant was not prejudiced since none of the jurors questioned outside his presence were ultimately selected to serve on the jury *(People v Perez, supra; People v Hines,* 205 AD2d 468, *lv denied* 84 NY2d 868) and since he was present at the on-the-record questioning of the jurors and when counsel issued challenges to them *(People v Gooding,* 202 AD2d 375, *lv denied* 84 NY2d 826).

We have considered the other contentions raised in defendant's *pro se* supplemental brief and find them to be without merit. Concur—Ellerin, J. P., Kupferman, Asch, Nardelli and Williams, JJ.