■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN POSTELL, Appellant. [629 NYS2d 480] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered September 10, 1992, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to disprove his justification defense beyond a reasonable doubt. This issue is unpreserved for appellate review (see, CPL 470.05 [2]; People v Torres, 182 AD2d 788; People v Udzinski, 146 AD2d 245, 250). In any event, viewing the evidence adduced at trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), the record establishes that the defense of justification was disproved beyond a reasonable doubt (see, People v Torres, supra; People v White, 178 AD2d 672). The defendant and the victim were outside a post office building in Brooklyn. They were with Michele Green, the defendant's former girlfriend and the victim's current girlfriend. The defendant and the victim started arguing and the defendant, a postal police officer, pulled out his gun and started shooting. That the victim

was shot in the back of the head and that the defendant continued shooting even after his victim had fallen was corroborated by medical evidence. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

We also find that the trial court properly exercised its discretion pursuant to CPL 270.50 in permitting the jury to view the crime scene. Although certain scaffolding had been removed since the time of the incident, there was identical scaffolding on the adjoining side of the same building from which, along with the exhibits showing the previously existing scaffolding, the jury could easily reconstruct the exact scene (*cf., People v Robinson,* 133 AD2d 473). Moreover, the court properly determined that a viewing would be helpful to the jury in assisting it to determine what the eyewitnesses to the crime saw and heard.

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Balletta, Pizzuto and Krausman, JJ., concur.