■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ELLIS, Appellant. [646 NYS2d 452] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Koch, J.), rendered October 20, 1993, convicting him of manslaughter in the first degree, assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review most of his present arguments in support of his contention that the People failed to disprove his justification defense beyond a reasonable doubt *(see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Barnett,* 197 AD2d 697). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to disprove the justification defense and to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant similarly has failed to demonstrate either that an off-the-record *Ventimiglia* hearing *(see, People v Ventimiglia,* 52 NY2d 350) was held in this case, or that he was denied the right to be present thereat *(see generally, People v Spotford,* 85 NY2d 593). In any event, the portion of the record upon which the defendant relies to support his contention indicates at most that the court's ruling at that alleged hearing was entirely favorable to him, thereby rendering the question of his presence superfluous *(see, People v Favor,* 82 NY2d

254, 268). We note in this regard that no evidence of the defendant's prior bad acts was proffered by the prosecution or admitted by the court as part of the People's case-in-chief.

Moreover, the trial court did not err in declining to charge the lesser-included offense of assault in the third degree (reckless assault) with regard to one of the victims, who suffered three stab wounds, since there was no reasonable view of the evidence which would support the submission of reckless assault to the jury under the circumstances presented *(see, People v Valentin,* 185 AD2d 865).

The defendant's sentence is neither unduly harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are not preserved for appellate review *(see,* CPL 470.05 [2]). Miller, J. P., O'Brien, Sullivan and Altman, JJ., concur.