■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON HOLMES, Appellant. [661 NYS2d 650] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered March 2, 1995, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was denied a fundamental right to be present at all material stages of the trial by his exclusion from sidebar discussions with prospective jurors during voir dire *(see, People v Antommarchi,* 80 NY2d 247; *People v Sloan,* 79 NY2d 386). The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to be present since, prior to the commencement of voir dire, the court acknowledged, in the defendant's presence, receipt of a waiver executed by the defendant which indicated that he was fully advised of his rights and that he agreed to waive his right to be present *(see, People v Rivera,* 237 AD2d 539; *People v Spruill,* 212 AD2d 381; *see also, People v Underwood,* 201 AD2d 597).

The defendant's contention that the People failed to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Barnett,* 197 AD2d 697), and, in any event, without merit. Viewed in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), the evidence was legally sufficient to establish that the decedent was unarmed when he was shot at least four times by the defendant, and that the first two shots could have struck the decedent from behind *(see, People v Torres,* 182 AD2d 788; *People v Baker,* 155 AD2d 398, 399; *People v Tineo,* 144 AD2d 507). Moreover, upon the exercise of our factual review power,

we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

While it was improper for the prosecutor to question a defense witness about her failure to notify the police without having laid a proper foundation for that questioning *(see, People v Dawson,* 50 NY2d 311, 321), the court promptly issued curative instructions and the defendant did not seek a mistrial on this point. Therefore, the court must be deemed to have cured the error to the defendant's satisfaction *(see, People v Jalah,* 107 AD2d 762, 763; *People v Irby,* 112 AD2d 447). In addition, we are not persuaded that the prosecutor misstated the evidence during summation when he set forth a scenario of what he believed may have occurred, as that scenario was based on a reasonable view of the evidence.

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved, and we decline to review them in the interest of justice. Bracken, J. P., Copertino, Altman and Florio, JJ., concur.