■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR MORALES, Appellant. [666 NYS2d 410] —Judgment, Supreme Court, Bronx County (John Stackhouse, J.), rendered April 21, 1995, convicting defendant, after a jury trial of manslaughter in the first degree and criminal use of a firearm in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 12½ to 25 years, unanimously affirmed.

Defendant's claim that, in disallowing a defense peremptory challenge, the court erroneously shifted the burden of persuasion to defendant at step two of the three-step *Batson v Kentucky* (476 US 79) procedure is unpreserved for review (*People v Williams*, 238 AD2d 191), and we decline to review it in the interest of justice. Were we to review it, we would find that the court correctly followed the *Batson* steps. Having given both sides an opportunity to voice their positions, the trial court promptly rendered its step-three determination that defendant's reasons for striking the potential juror were pretextual. The fact that the court did not use the word "pretext" is irrelevant since the substance of its ruling, that it disbelieved defendant's reasons for excluding the juror in question, is evident (*see, People v Payne*, 88 NY2d 172, 185).

Defendant was not denied his right of confrontation, under the unusual circumstances presented, when a witness for the

prosecution was permitted to testify while wearing sunglasses, at her insistence, for purposes of disguise. The court properly concluded that the procedure was justified by the necessities of the case. Were there any error in this procedure, we would conclude it was harmless in view of the overwhelming evidence of guilt and the minimal impact of the sunglasses on the jury's ability to assess the credibility of the witness. Concur—Sullivan, J. P., Rosenberger, Wallach, Rubin and Tom, JJ.