record the facts and reasons for the dismissal of that juror, as required (*see,* CPL 270.35; *People v Page,* 72 NY2d 69, 73; *People v O'Connor,* 222 AD2d 705).

The defendant has not preserved for appellate review his contentions that the trial court committed reversible error when it relegated the accomplice status of a particular witness to the jury for resolution as a question of fact, and that the People failed to present sufficient non-accomplice testimony to corroborate that witness's testimony (*see,* CPL 470.05 [2]). In any event, the defendant's contentions have no merit. Where different inferences can be reasonably drawn from the evidence produced at trial, the question of whether a particular person is an accomplice is a question of fact for the jury (*see, People v Cobos,* 57 NY2d 798; *People v Jeffries,* 122 AD2d 281; *People v Tusa,* 137 AD2d 151). Here, the court properly so charged the jury and the witness's testimony was sufficiently corroborated (*see, People v Daniels,* 37 NY2d 624).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Thompson, Krausman and Feuerstein, JJ., concur.

◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAVNIT SINGH, Appellant. [708 NYS2d 629] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered July 8, 1998, convicting him of reckless endangerment in the first degree (six counts) and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his argument that the evidence was legally insufficient to convict him of reckless endangerment in the first degree and of criminal possession of a weapon in the second degree (*see,* CPL 470.05 [2]; *People v Stahl,* 53 NY2d 1048). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see,* Penal Law § 20.00; *People v Flayhart,* 72 NY2d 737; *People v Pringle,* 157 AD2d 865). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contention is without merit. O'Brien, J. P., Santucci, Thompson and Feuerstein, JJ., concur.

◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON TONEY, Appellant. [709 NYS2d 426] —Appeal by the de-