■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FUNCHESS, Appellant. [728 NYS2d 175] —Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered January 5, 1999, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court did not err in denying his request to charge the jury on reckless assault in the third degree as a lesser-included offense of intentional assault in the second degree. To be entitled to a charge on a lesser-included offense, a defendant must demonstrate that the additional offense is a lesser-included offense of the crime charged, and that a "reasonable view of the evidence" supports a finding that he committed the lesser offense but not the greater one (*see, People v Glover,* 57 NY2d 61, 63; *People v Henderson,* 41 NY2d 233, 235). The evidence viewed in the light most favorable to the defendant established that he intentionally, not recklessly, cut the victim in the face with a box cutter. Thus, there was no reasonable view of the evidence to support charging the jury on the crime of reckless assault in the third degree as a lesser-included offense (*see, People v Hill,* 255 AD2d 969; *People v Ellis,* 230 AD2d 751).

The County Court providently exercised its discretion in denying the defendant access to police reports that he had requested pursuant to a subpoena, as the reports concerned unrelated harassment charges filed by the victim's former girlfriend against the victim several months after the incident involved in this case. The subpoena process is not to be used to circumvent the discovery rules set forth in CPL article 240 (*see, Matter of Terry D.,* 81 NY2d 1042; *Matter of Pirro v LaCava,* 230 AD2d 909). In any event, as the incidents of harassment occurred after the defendant's crime, they were irrelevant to the defendant's state of mind during the crime (*see, People v Miller,* 39 NY2d 543; *People v Aska,* 91 NY2d 979).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Florio, Feuerstein and Smith, JJ., concur.