■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON RISHTON, Appellant. [756 NYS2d 779] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered February 20, 2001, convicting him of manslaughter in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to disprove his justification defense by legally sufficient evidence is unpreserved for appellate review (*see People v Clinton,* 268 AD2d 531 [2000]), and, in any event, without merit. Viewing the evi-

dence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to disprove his justification defense beyond a reasonable doubt. The evidence established that the male victim was unarmed and in a defensive position when he was shot repeatedly by the defendant, including once from behind as that victim was lying on the floor (*see People v Holmes,* 242 AD2d 278 [1997]; *People v Tineo,* 144 AD2d 507, 508 [1988]). In addition, the evidence was legally sufficient to establish that the knife recovered in the kitchen of the apartment where the incident occurred was not in the female victim's possession at the time the defendant repeatedly shot her (*see People v Sanchez,* 153 AD2d 649, 650 [1989]).

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Santucci, J.P., Smith, Luciano and Cozier, JJ., concur.