■ The People of the State of New York, Respondent, v Shamod Murray, Appellant. [813 NYS2d 717]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered March 3, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The record establishes that defendant validly waived his right to be present at sidebar discussions with prospective jurors (*see People v Keen*, 94 NY2d 533, 538 [2000]; *People v Spruill*, 212 AD2d 381 [1995], *lv denied* 85 NY2d 943 [1995]). The court noted on the record that some jurors may be embarrassed to discuss certain subjects in open court, and asked counsel to explain to defendant his *Antommarchi* rights (*see People v An-*

*tommarchi*, 80 NY2d 247 [1992]). After conferring with defendant, counsel announced in open court that defendant was waiving his right to be present at sidebars. The court then obtained an express personal waiver from defendant. Since "embarrassing" matters include matters relating to bias that a panelist might not wish to discuss publicly, there is no merit to defendant's claim that the court misinformed him that the sidebars would not involve the panelists' potential biases.

Defendant is not entitled, pursuant to the amelioration doctrine of *People v Behlog* (74 NY2d 237 [1989]), to the benefit of the reduced penalty contained in the Drug Law Reform Act (L 2004, ch 738), because the Legislature has expressly stated that the subject provision applies only to crimes committed after its effective date (*People v Nelson*, 21 AD3d 861 [2005], *lv granted* 6 NY3d 757 [2005]). In any event, the amelioration doctrine does not apply where, as here, a defendant was sentenced before the new law's effective date (*People v Walker*, 81 NY2d 661, 666-667 [1993]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J.P., Mazzarelli, Friedman, Marlow and Malone, JJ.