■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE BATTLE, Appellant. [899 NYS2d 878]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered November 19, 2007, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]) and, in any event, is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to disprove the justification defense and to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt. The evidence established that the victim was unarmed when the defendant shot at him three times from behind (*see People v Rishton*, 303 AD2d 692 [2003]; *People v Holmes*, 242 AD2d 278 [1997]; *People v Tineo*, 144 AD2d 507 [1988]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the jury's rejection of the justification defense was not against the weight of evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Since the defendant failed to object to the trial court's justification charge or to request supplemental jury instructions, the defendant's argument concerning that charge is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Fowle*, 60 AD3d 691 [2009]; *People v Martinez*, 243 AD2d 732 [1997]). In any event, the trial court's charge, viewed in its entirety, adequately conveyed the appropriate standard to the jury (*see People v Coleman*, 70 NY2d 817, 819 [1987]; *People v Joseph*, 253 AD2d 529 [1998]; *People v Martinez*, 243 AD2d 732 [1997]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Covello, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.