■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR WALKER, Appellant. [912 NYS2d 85]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered February 10, 2009, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Battle*, 73 AD3d 939 [2010]; *People v Carranza*, 306 AD2d 351 [2003], *affd* 3 NY3d 729 [2004]). In any event, the evidence, when viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), was sufficient to disprove the justification defense and establish the defendant's guilt of murder in the second degree beyond a reasonable doubt. Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the jury's rejection of the justification defense was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The evidence established that the defendant first shot the victim in the back, causing him to fall from a bicycle, and that the defendant then approached the victim, who was lying injured in the middle of the street, and shot him in the chest (*see People v Battle*, 73 AD3d at 939; *People v Bianco*, 51 AD3d 940, 941 [2008]; *People v Rishton*, 303 AD2d 692 [2003]; *People v Holmes*, 242 AD2d 278 [1997]).

The defendant's contention that he was deprived of a fair trial because the witness to whom the prosecutor referred in his opening statement did not testify is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v McKnight*, 72 AD3d 846 [2010], *lv granted* 15 NY3d 753 [2010]; *People v Pierre*, 35 AD3d 893 [2006]; *People v Seabrooks*, 244 AD2d 514 [1997]). In any event, in light of the overwhelming evidence of the defendant's guilt and the lack of a significant probability that the jury would have acquitted him had it not heard the references to this witness, any error was harmless (*see People v Pierre*, 35 AD3d at 893; *People v Thompson*, 276 AD2d 811 [2000]).

The defendant's claim that his right of confrontation was denied when a witness for the prosecution was permitted, at the witness' insistence, to testify wearing sunglasses and a winter hat is unpreserved for appellate review as the defendant specifically consented to the disguise. In any event, the Supreme Court properly concluded that the procedure was justified by the necessities of the case and any potential prejudice was allevi-

ated by the court's curative instruction, which was crafted by the defendant (*see People v Smith*, 57 AD3d 356, 358 [2008]; *People v Morales*, 246 AD2d 302, 303 [1998]).

The Supreme Court properly permitted the investigating detective to testify as to the contents of a surveillance videotape as, under the circumstances, his testimony served to aid the jury in making an independent evaluation of the videotape evidence (*see People v Russell*, 79 NY2d 1024 [1992]; *People v Ruiz*, 7 AD3d 737 [2004]; *People v Rivera*, 259 AD2d 316 [1999]; *People v Morgan*, 214 AD2d 809 [1995]). To the extent that any of the contested testimony was unnecessary to accurately describe the facts, any error was harmless (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Santucci, Dickerson and Chambers, JJ., concur.