■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN CANTAVE, Appellant. [941 NYS2d 163]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered December 15, 2009, convicting him of assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to raise any timely objections to the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) and, therefore, to the extent that the defendant now raises such claims, they are not preserved for appellate review (*see* CPL 470.05 [2]; *People v Diaz*, 50 AD3d 919 [2008]; *People v Quind*, 1 AD3d 617 [2003]). In any event, the Supreme Court's *Sandoval* ruling which, inter alia, allowed inquiry into the facts underlying the defendant's previous felony conviction, was not an improvident exercise of discretion (*see People v Hayes*, 97 NY2d 203, 208 [2002]; *People v Sharpe*, 87 AD3d 1168 [2011]). The defendant's felony conviction was relevant to the issue of his credibility because it demonstrated his willingness to put his own interests above those of society (*see People v Bennette*, 56 NY2d 142, 148 [1982]; *People v Brink*, 31 AD3d 1139, 1140-1141 [2006]).

The Supreme Court also properly refused to admit a recording of the defendant's own 911 emergency call into evidence. The circumstances of the defendant's 911 call did not establish that the call was "[a]n excited utterance . . . made 'under the immediate and uncontrolled domination of the senses, and during the brief period when consideration of self-interest could not have been brought fully to bear by reasoned reflection' " (*People v Coward*, 292 AD2d 630 [2002], quoting *People v Brown*, 70 NY2d 513, 518 [1987]; *see People v Vasquez*, 88 NY2d 561, 579 [1996]). In addition, the recording did not fall under the present

sense impression exception to the hearsay rule, as there was no evidence that the defendant made the 911 call while he "was perceiving the event or condition, or immediately thereafter" (*People v Brown*, 80 NY2d 729, 732 [1993]; *see People v Vasquez*, 88 NY2d at 578-579).

The defendant's claim that his medical records were improperly redacted to omit a statement that he had been hit in his nose with a gun is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the Supreme Court properly redacted this statement from the medical records because it was not relevant to the defendant's diagnosis or treatment for a thumb injury and hand laceration (*see People v Davis*, 95 AD2d 837, 838 [1983]; *Passino v DeRosa*, 199 AD2d 1017, 1018 [1993]; *People v Jackson*, 124 AD2d 975 [1986]).

The defendant's contention that the Supreme Court's justification charge deprived him of a fair trial is unpreserved for appellate review, as the defendant never objected to the court's main or supplemental justification charge or requested a correction, amplification, or modification of that charge (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Battle*, 73 AD3d 939, 940 [2010]). In any event, the charge, taken as a whole, properly instructed the jury as to the defense of justification, and was a correct statement of the law (*see People v Fields*, 87 NY2d 821, 823 [1995]; *People v Battle*, 73 AD3d at 940; *People v Abreu*, 287 AD2d 644 [2001]). Rivera, J.P., Eng, Hall and Sgroi, JJ., concur.